**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JAMES W. EDDY,**

                **Plaintiff,**

      v.                             **CASE NO. 20-3188-SAC**

**(FNU) ENGLISH, et al.,**

                **Defendants.**

## ORDER TO SHOW CAUSE

This matter is before the Court on a pro se filing by a federal prisoner housed in Seagoville, Texas. Although he submitted this pleading as a petition for habeas corpus under 28 U.S.C. § 2241, the Court conducted a preliminary review of the pleading and has construed it as a civil complaint because it concerns a claim related to the detention of personal property rather than a challenge to the execution of petitioner's sentence.

Plaintiff proceeds under 31 U.S.C. § 3723, a statute that provides an administrative remedy for prisoners whose property is wrongfully taken. Under that statute, the head of a federal agency is authorized to settle "a claim for not more than $1,000 for damage to, or loss of, privately owned property that … is caused by the negligence of an officer or employee of the United States Government acting within the scope of employment." 31 U.S.C. § 3723(a)(1). However, § 3723 does not provide for judicial review of the decision of the agency head. *See, e.g., Williams v. Hanson*, No. 16-cv-155, 2016 WL 8674653, at *2 (N.D. Ohio Apr. 29, 2016)("An agency's decision under § 3723, however, is not subject to judicial review") and *Adeyi v. FCI Fort Dix Health Srvcs.*, No. 09-5316(JBS/JS), 2012 WL 2076520, at *5

(D.N.J. Jun. 7, 2012)("the BOP's decision to settle or not settle Plaintiff's claim is not subject to judicial review"). Accordingly, this matter is subject to dismissal for lack of subject matter jurisdiction. Plaintiff will be granted the opportunity to show why this matter should not be dismissed. The failure to file a timely response may result in the dismissal of this action without additional notice.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including **July 31, 2020,** to show cause why this matter should not be dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

DATED:  This 15th day of July, 2020, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge